*R. C. Bell, solicitor-general, F. A. Hooper,* contra.

---

### 10370.  RINGWALD *et al. v.* WATKINS MEDICAL COMPANY.

Exclusive right to sell in Evans county (except in municipalities) articles manufactured or sold by the plaintiff was granted by the contract under which it was sought to recover the price of goods sold to the principal defendant; and the court erred in striking the defendants' pleas, in which they set up that the plaintiff had violated the contract by allowing a certain agent to sell and deliver in a designated part of the county goods delivered to him by the plaintiff.

DECIDED NOVEMBER 4, 1919.

Complaint; from city court of Statesboro—Judge Proctor. January 15, 1919.

The J. R. Watkins Medical Company sued Ringwald, Waters, and DeLoach for a sum alleged to be due for goods sold to Ringwald, under a written contract, a copy of which was attached to the petition. 'Ringwald in his answer denied indebtedness, and alleged that "under his said contract with the plaintiff he was entitled to the territory of Evans county to the exclusion of all other agents and employees of the plaintiff company, but that in direct violation of the contract sued on and contrary to the terms thereof the plaintiff allowed and permitted one Curry, who was the plaintiff's regular agent, to sell and deliver goods and articles,

delivered by the plaintiff to said Curry, in that portion of Evans county south of the Seaboard Air-Line Railway."/ Waters and DeLoach in their answer alleged that they signed the contract as sureties only, that the contract had been violated in the manner stated above and in other respects stated, and that their risk as sureties was thereby increased. The court struck the answers, on demurrer, and rendered judgment for the amount sued for, and the defendants excepted.

*Anderson & Jones,* for plaintiffs in error.

*Brannen & Booth,* contra.

LUKE, J. The determination of this case depends upon the construction of a contract. The part in controversy is as follows: "That for and in consideration of the promises and agreements hereinafter contained, to be kept and performed by the party of the second part, the company promises and agrees to sell and deliver to the party of the second part, free on board cars at Winona, Minnesota, or, at its option, at any of its regular places of shipment, any and all medicines, extracts, and other articles manufactured or sold or which may hereafter be manufactured or sold by it, unless prevented by fire, insurrection, invasion, strikes, or other cause, at the usual and customary wholesale prices, as the party of the second part may reasonably require for sale by him from time to time, from the date hereof until the first day of March, 1916, as hereinafter provided, in the following described territory, excepting the incorporated municipalities therein located, to wit: . In the State of Georgia, Evans County." The plaintiffs in error (defendants) contend that the court erred in holding that the contract did not grant exclusive rights to the sale of the medicines in the county of Evans, excepting the municipalities in that county. The defendant in error contends that no exclusive right was given to the sale of the medicines in Evans County except the municipalities therein. We are of the opinion that when the contract is properly construed (especially when the contract as a whole is read), exclusive right to the sale of the medicines, etc., is granted in the county of Evans, excepting the municipalities. The very fact that the municipalities are excepted is a strong indication that it was the purpose and intent of the parties to grant exclusive right of sale in the remainder of Evans county. Of course, by the terms of the contract the purchaser could only expect delivery for sale of such

number of articles and amount of goods as he might reasonably require for sale from time to time. Differing as we do with the trial judge in his construction of the contract, we hold that he erred in sustaining the demurrers to the pleas of the defendants, and in thereafter rendering judgment in favor of the plaintiff.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*